UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ANGELA CARAWAY | CIVIL ACTION NO. 3:19-00938 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| EMMANUEL BAPTIST CHURCH OF RUSTON, LOUISIANA | MAG. JUDGE KAREN L. HAYES |

RULING

On July 21, 2019, Plaintiff Angela Caraway ("Caraway") filed suit against her former employer, Defendant Emmanuel Baptist Church of Ruston, Louisiana ("Emmanuel Baptist") [Doc. No. 1] based on the Louisiana Employment Discrimination Law ("LEDL"), LA. REV. STAT. § 23:323(B)(2), and on the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq*. To the Complaint, Emmanuel Baptist filed a Motion for Summary Judgment [Doc. No. 20]. Caraway filed an Opposition [Doc. No. 28], and Emmanuel Baptist filed a Reply [Doc. No. 31]. For the reasons set forth herein, Emmanuel Baptist's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART AS MOOT.

I. BACKGROUND

On June 9, 2012, Caraway was hired by Emmanuel Baptist as a pre-school cook. Caraway alleges that in 2016, she was assigned additional maintenance assignments when a maintenance worker, Michael Ross, was injured and off work. Caraway maintains that Emmanuel Baptist was asked by her for accommodations due to her high blood pressure, rheumatoid arthritis and peripheral edema, which caused her problems because of the alleged additional duties. Caraway alleges that Emmanuel Baptist refused accommodations. Caraway claims that she was placed on

medical leave and in effect fired from her job on May 1, 2018. Caraway claims that Emmanuel Baptist has violated the LEDL and the ADA.

Emmanuel Baptist maintains that it did not assign any additional duties to Caraway. Additionally, Emmanuel Baptist maintains Caraway did not ask for accommodations and that she was not even fired. They allege that she failed to show back up after medical leave ended. Emmanuel Baptist maintains that no accommodations were requested by Caraway and that Emmanuel Baptist is not in violation of the LEDL or the ADA.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in

the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

### B. Legal Analysis

In its Motion for Summary Judgment, Emmanuel Baptist maintains (1) the LEDL does not apply; (2) the ADA has a limitation of damages of $50,000.00 for compensatory damages; and

(3) Caraway's claims under the ADA should be dismissed as she cannot make out a claim of "disability" and/or that she cannot make out a *prima facie* case under the ADA.

### 1. LEDL

Caraway alleges that Emmanuel Baptist is in violation of the LEDL. Emmanuel Baptist contends that it is not an "employer" under the LEDL.

In LA. R.S. § 23:302(2)(b), the term "employer" under the LEDL provides as follows:

> This Chapter shall not apply to the following:. . .
>
> Employment of an individual by a private educational or religious institution or any nonprofit corporation, or the employment by a school, college, university, or other educational institution or institution of learning of persons having a particular religion if the school, college, university, or other educational institution or institution of learning is, in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society, or if the curriculum of the school, college, university, other educational institution, or institution of learning is directed toward the propagation of a particular religion.

The affidavit of Paul Watts, Senior Pastor, verifies that Emmanuel Baptist is a nonprofit religious corporation and that the same is registered as such with the Louisiana Secretary of State [Doc. No. 20, Exhibit A]. The school is part of Emmanuel Baptist. Therefore, the LEDL does not apply, and Emmanuel Baptist is entitled to judgment as a matter of law dismissing any and all claims made against it by Caraway pursuant to the LEDL.

### 2. Disability Under the ADA

In a discrimination action under the ADA, an employee may either present direct evidence that she was discriminated against because of her disability, or, alternatively, proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Roberson v. Iberia Comprehensive Community Health Center, Inc.,* Civil Action No. 6:19-0067, 2020 WL 1930467 (W.D. La. April 21, 2020).

4

Absent direct evidence of discrimination, a plaintiff, under *McDonnell*, must make a *prima facie* case of discrimination by showing that she (1) has a disability, was regarded as disabled, or has a record of disability; (2) was qualified for the job; (3) was subjected to adverse employment decision on account of her disability, and (4) she was replaced by or treated less favorably than non-disabled employees. *EEOC v. Chevron Phillips Chem. Co*., *L.P.,* 570 F.3d 606, 615 (5th Cir. 2009). In cases of alleged failure to accommodate under the ADA, a plaintiff must establish that (1) she is a qualified individual with a disability; (2) the disability in its consequential limitations were known by the covered employer; and (3) that the employer failed to make a reasonable accommodation for such known limitations.

Both a *prima facie* case of discrimination and a failure to accommodate under the ADA require the plaintiff to prove she had a "disability". Therefore, in order to prove a violation of the ADA or failure to accommodate, Caraway must show she has a "disability" under the ADA.

The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

In this case, Caraway alleges she was disabled under the ADA due to peripheral edema, rheumatoid arthritis, and high blood pressure.

Even if a plaintiff has medical diagnosis, the plaintiff must establish how the medical diagnosis substantially limits any of her major life activities. *Bluestein v. Central Wisconsin Anesthesiology,* S.C. 986 F. Supp. 2d 937 (W.D. Wis. 2013), affirmed 769 F.3d 944 (7th Cir. 2014).

Caraway has provided no medical evidence which support her claim that her diagnosis of high blood pressure, rheumatoid arthritis and peripheral edema substantially limited any of her major life activities.

In this case, Caraway claims that she is "substantially impeded in her ability to participate in many major life activities and perform her duties at Emmanuel Baptist:" Specifically, she claims:

> I have high blood pressure and the blood pressure is critically high. It didn't get that way--Of course, it wasn't that way when I went there, but I was diagnosed at a young age. And then also rheumatoid arthritis which kept me from--I mean, I guess over the years, it started to progress and it was keep--I couldn't lift those tables. Swinging that mop was--I don't know if you've ever swung an industrial sized mop, but that's a heavy mop. Toting it upstairs, you know, wash--cleaning the bathrooms, bent over, standing on tables, cleaning ceiling fans, windows and pulling trash, I mean, no--that--that's heavy lifting. Also, when the trucks would come, I mean, that wasn't his responsibility, though, that was always mine. But those were also--I mean, them boxes, six full cans or glass jars, that's heavy, heavy, and that was impeding a lot of things.

[Doc. No. 20-4, Caraway Depo., p. 36, ll. 10-24].

However, there is no medical evidence that supports Caraway's claim of disability under the ADA. The deposition of Caraway's treating physician, Dr. Jerry Smith, (Exhibit 20-6) does not show Caraway was disabled. Dr. Smith treated Caraway from January 2007 through May 2, 2018. He filled out at least two medical evaluations showing that Caraway was able to work for Emmanuel Baptist. Although Caraway had been diagnosed by Dr. Smith with back pain, rheumatoid arthritis, and hypertension, he performed at least two examinations required by Emmanuel Baptist to determine whether Caraway was able to perform her duties there. These physical exams were done on June 26, 2012, and on April 20, 2015. Both exams showed that Caraway was able to perform her work in a childcare center, which involved bending, lifting, and standing for long periods of time, etc.

Additionally, even after the April 20, 2015 exam was completed, Caraway continued to see and be treated by Dr. Smith. She was treated on May 23, 2016; June 26, 2016; August 16, 2016; September 19, 2016; October 18, 2016; November 16, 2016; February 6, 2017; May 3, 2017; November 15, 2017; and on May 2, 2018. As of February 2017, Caraway was having some loss of feeling and numbness in her fingers, palms and elbows. However, she did not have any edema or weakness in extremities and was not complaining of swelling in her legs or feet. There were no work restrictions given by Dr. Smith on any of these visits. Even on the May 2, 2018 visit, Caraway was having uncontrolled hypertension; however, there were no work restrictions placed on her by Dr. Smith. Caraway was having no edema or weakness in extremities. The bottom line is Dr. Smith never put Caraway under any work restrictions for rheumatoid arthritis, high blood pressure or edema. There is no medical testimony that whether Caraway was unable to perform the tasks associated with most peoples' daily lives, and, therefore, there is no medical evidence of a "disability" under the ADA.

This Court finds that based on the evidence submitted, including the medical evidence, Caraway has failed to raise a genuine issue of material fact that she is disabled under the ADA. Therefore, since Caraway is not able to prove a "disability" under the ADA, all of Caraway's claims against Emmanuel Baptist under the ADA should be dismissed.

### 3. ADA Damages Limitation

Caraway alleges damages in the amount of $350,000.00. Emmanuel Baptist also moved for summary judgment on the issue as to whether Caraway's compensatory damages are limited to $50,000.00, pursuant to 42 U.S.C. § 1981a(b)(3). Having found that Caraway has failed to state a claim under the ADA, the Court need not reach this issue. Therefore, to this extent, Emmanuel Baptist's Motion for Summary Judgment is denied as moot.

**III. CONCLUSION**

For the reasons stated herein, the Motion for Summary Judgment [Doc. No. 20] filed by Emmanuel Baptist is GRANTED IN PART AND DENIED IN PART AS MOOT. To the extent that Emmanuel Baptist moves for summary judgment on Caraway's claims under the LEDL and the ADA, the motion is GRANTED, and her claims against Emmanuel Baptist are dismissed, with prejudice. To the extent that Emmanuel Baptist moves for summary judgment on the damages cap applicable to the ADA, the motion is DENIED AS MOOT.

MONROE, LOUISIANA, this 17th day of September, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE